# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| PATRICIA EIVINS<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LEON and GREGORY CROCKER<br><br>Defendants. | CASE NO. 4:18-cv-71<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff, Patricia Eivins, and for her causes of action against Defendants, City of Leon and Gregory Crocker, and states as follows:

## NATURE OF THE ACTION

This is a disability discrimination suit brought by Plaintiff under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 *et seq.* ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") arising from unlawful employment practices in which Defendants engaged on the basis of disability, age, and sex subjecting her to a hostile working environment. In addition, Plaintiff claims separate and distinct rights to recover damages against Defendants based upon the Iowa Civil Rights Act, Iowa Code § 216 (2017) (hereinafter the "Iowa Civil Rights Act").

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Patricia Eivins was at all times material hereto, a citizen and resident of Leon, Decatur County, Iowa.

2. At all times material hereto, Defendant, City of Leon (hereafter "City") is a municipality, authorized by the applicable statutory provisions of the Code of Iowa, located in Decatur County, Iowa.

3. At all times material hereto, Defendant, Gregory Crocker was an employee of the City and a citizen and resident of Leon, Decatur County, Iowa.

4. This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1331. This action is authorized pursuant to 29 U.S.C. § 623; 42 U.S.C. § 12112; and 42 U.S.C. §2000e-2. Further, Plaintiff's state law claim brought pursuant to the Iowa Civil Rights Act and is related to claims within said original jurisdiction that forms part of the same case or controversy, thereby vesting this Court with supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

5. At all relevant times referenced herein, City continuously employed more than 15 employees.

6. The acts and omissions by City as alleged herein were committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

7. The amount in controversy is in excess of the jurisdictional minimum for this Court.

8. Venue is proper in the United States District Court for the Southern District of Iowa.

## CONDITIONS PRECEDENT

9. Paragraphs 1–8 are re-plead and re-incorporated by this reference as if fully set forth herein.

10. On or about September 19, 2016, Plaintiff filed, within 300 days from the date of the acts of which she complains, a Complaint with the Iowa Civil Rights Commission (hereinafter "ICRC") (ICRC CP# 09-16-69547) containing charges against Defendants, which was cross-filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") (26A-2016-00926). ICRC CP# 09-16-69547 and EEOC 26A-2016-00926 are collectively herein referred to as "First Complaint."

11. On December 13, 2017, less than ninety (90) days prior to the filing of this Petition, the ICRC issued an Administrative Release (hereinafter "Right-to-Sue Letter") to Plaintiff for the First Complaint, which is attached hereto as **Exhibit 1.**

12. On December 8, 2017, less than ninety (90) days prior to the filing of this Petition, the EEOC issued an Administrative Release (hereinafter "Right-to-Sue Letter") to Plaintiff for the First Complaint, which is attached hereto as **Exhibit 2.**

13. On or about October 2, 2017, Plaintiff filed, within 300 days from the date of the acts of which she complains, a second Complaint with the Iowa Civil Rights Commission (hereinafter "ICRC") (ICRC CP# 10-17-71085) containing charges against Defendants, which was cross-filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") (26A-2018-00025). ICRC CP# 10-17-71085 and EEOC 26A-2018-00025 are collectively herein referred to as "Second Complaint."

14. On January 3, 2018, less than ninety (90) days prior to the filing of this Petition, the ICRC issued an Administrative Release (hereinafter "Right-to-Sue Letter") to Plaintiff for the Second Complaint, which is attached hereto as **Exhibit 3.**

15. On December 27, 2017, less than ninety (90) days prior to the filing of this Petition, the EEOC issued an Administrative Release (hereinafter "Right-to-Sue Letter") to Plaintiff for the Second Complaint, which is attached hereto as **Exhibit 4.**

16. Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## GENERAL ALLEGATIONS

17. Paragraphs 1 through 16 are re-plead and re-incorporated by this reference as if fully set forth herein.

18. Plaintiff began working for Defendant, City of Leon, on or about November 4, 2013 as the City Administrative Assistant.

19. Defendant Gregory Crocker was Plaintiff's direct supervisor.

20. Plaintiff has 45% sensorial hearing loss which requires her to wear a hearing aid in each ear.

21. Plaintiff is female, and was 48 years of age when the allegations contained herein began.

22. During her tenure with the City, Plaintiff was repeatedly and pervasively harassed by Defendant Crocker and other City employees.

23. A significant part of Plaintiff's job included answering the phones. After Plaintiff purchased, with her own money, an amplifier for her office phone, Defendant

Crocker would talk loudly and unnecessarily when he discovered Plaintiff was on the phone so Plaintiff was unable to hear customers.

24. On several occasions, Defendant Crocker would whisper at Plaintiff and when she would request that he talk louder, he yelled his remarks back to her.

25. Defendant Crocker routinely made changes to office and City procedures without notifying or training Plaintiff causing her humiliation and embarrassment.

26. Defendant Crocker would routinely cover his mouth when talking to or with Plaintiff, despite being made aware that Plaintiff often needed to read lips to communicate.

27. Moreover, despite knowledge of the harassment Plaintiff was subjected to, the City failed and refused to undertake any corrective actions and fostered an environment where Defendants knew their conduct would be allowed, thereby subjecting Plaintiff to further harassment.

28. In early 2016, Plaintiff was informed by Defendant Crocker that she would be demoted to part time work and lose her insurance effective July 1, 2016 due to City "budget cuts."

29. Defendant Crocker stated that Plaintiff was being chosen as the only employee to be demoted based on seniority.

30. Plaintiff was not the employee was not the employee with the lowest seniority.

31. Plaintiff informed Defendants that there were younger, non-disabled, male employees who were not being demoted and/or laid off. Defendants still chose to demote

Plaintiff and Plaintiff was the only employee of the City who was laid/off and demoted to address the City "budget cuts."

32. Plaintiff requested to be put on the City Council Agenda to discuss the budget cuts to see if she could retain her full-time status.

33. Defendant Crocker refused to put Plaintiff on the City Council agenda.

34. When Plaintiff requested a second time to Defendant Crocker that she be put on the City Council agenda, Defendant Crocker shouted back at Plaintiff, "did you not HEAR me?!"

35. Plaintiff attended a City Council meeting to address the budget cuts as a concerned citizen, yet Defendant Crocker refused to make note of her presence or statements in the City Council meeting minutes.

36. Plaintiff put the City and Defendant Crocker on notice of her claims and the harassment and discrimination she was experiencing at work via letter in June of 2016 (hereafter "Letter.")

37. On or about July 1, 2016, Plaintiff was demoted to part-time hours and lost her insurance and her full-time benefits.

38. Defendants' treatment, ridicule, and retaliation of Plaintiff continued and became more pervasive.

39. Defendant Crocker shared the Letter Plaintiff had sent to the City with many individuals around town and citizens of the City.

40. After the Letter was shared with citizens of the City, Plaintiff was approached many times, including at Church and several other locations, by fellow citizens asking her what it was about and why she was suing the City.

41. Plaintiff also learned that City council members were mocking her inability to hear the phone ring to other City citizens.

42. These instances of retaliatory conduct and harassment caused Plaintiff further severe emotional distress.

43. Moreover, Plaintiff learned that even though her hours were reduced due to City "budget cuts" other younger, non-disabled, male employees received significant raises.

44. Defendants' scheduled Plaintiff to work from 11:30 a.m. until 4:30 p.m. five days a week, so that she would be precluded from getting other part-time work that would provide a full week's schedule of work and benefits.

45. On or about September 19, 2016, Plaintiff filed her First Complaint.

46. After filing her First Complaint, Plaintiff suffered additional and continued pervasive harassment and retaliation from Defendants.

47. Defendant Crocker notified and discussed Plaintiff's First Complaint with several City Council members and citizens of the City causing Plaintiff additional embarrassment and humiliation.

48. Shortly after Plaintiff was demoted to part-time hours and filed her First Complaint, the City attempted to put a new policy in place that no part-time City employee could receive benefits of any kind. Plaintiff was the only part-time City employee at that time.

49. The City then instituted a new employee personnel policy for City hall employees only, that no part-time employee was allowed to earn benefits or retain any

accrued benefits as of January 1, 2017. Plaintiff was the only part-time City hall employee at this time.

50. As of December 31, 2016, Plaintiff was not allowed to earn or accrue and more holiday pay, sick days, or vacation time, and was informed that she must use all of her accrued vacation within one year. Again, Plaintiff was the only City employee affected by this change.

51. This harassment and further retaliatory elimination of Plaintiff's benefits escalated after she sent the Letter and filed her First Complaint.

52. On or about March 3, 2017, the City informed Plaintiff that she was being terminated effective June 30, 2017 due to "budget constraints."

53. Between March 3, 2017 and June 30, 2017, several more City employees were hired and several City employees were given substantial raises.

54. Plaintiff's job was terminated on or about effective June 30, 2017.

## COUNT I
### Violation of the Americans With Disabilities Act

55. Paragraphs 1 through 54 are re-plead and re-incorporated by this reference as if fully set forth herein.

56. Defendants' conduct as alleged herein created a hostile work environment.

57. Despite actual and constructive notice of the harassment, the City failed and refused to take prompt and appropriate action to prevent or correct the harassment resulting in the hostile work environment.

58. The City's conduct as alleged herein constitutes wrongful termination due to discrimination based on Plaintiff's disability in violation of § 12112 of the ADA.

59. The acts and omissions by the City as alleged herein constitute unlawful employment practices pursuant to § 12112 of the ADA.

60. As a result of said unlawful practices by the City as alleged herein, Plaintiff has sustained damages.

## COUNT II
### Violation of the Age Discrimination in Employment Act of 1967

61. Paragraphs 1 through 60 are re-plead and re-incorporated by this reference as if fully set forth herein.

62. The City's conduct as alleged herein constitutes wrongful termination due to discrimination based on Plaintiff's age in violation of § 623(a) of the ADEA.

63. The acts and omissions by the City as alleged herein constitute unlawful employment practices pursuant to § 623(a) of the ADEA.

64. As a result of said unlawful practices by the City as alleged herein, Plaintiff has sustained damages.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964

65. Paragraphs 1 through 64 are re-plead and re-incorporated by this reference as if fully set forth herein.

66. The City's conduct as alleged herein constitutes wrongful termination due to discrimination based on Plaintiff's sex in violation of § 2000e-2 of Title VII.

67. The acts and omissions by the City as alleged herein constitute unlawful employment practices pursuant to § 2000e-2 of Title VII.

68. As a result of said unlawful practices by the City as alleged herein, Plaintiff has sustained damages.

## COUNT IV
### Violation of the Iowa Civil Rights Act

69. Paragraphs 1 through 68 are re-plead and re-incorporated by this reference as if fully set forth herein.

70. The acts and omissions by Defendants as alleged herein constitute wrongful termination pursuant to the Iowa Civil Rights Act.

71. The acts and omissions by Defendants as alleged herein constitute unlawful employment practices pursuant to the Iowa Civil Rights Act.

### JURY DEMAND

Plaintiff, Patricia Eivins, respectfully requests a trial by jury in regard to this matter.

Respectfully submitted,

_____
Gary R. Fischer                           AT0002469
SIMPSON, JENSEN, ABELS, FISCHER & BOUSLOG, P.C.
400 Locust Street, Suite 400
Des Moines, Iowa 50309
(515) 288-5000
gfischer@iowafirm.com

_____
Abigail L. Thiel                          AT0012801
SIMPSON, JENSEN, ABELS, FISCHER & BOUSLOG, P.C.
400 Locust Street, Suite 400
Des Moines, Iowa 50309

(515) 288-5000
athiel@iowafirm.com

ATTORNEYS FOR PLAINTIFF

11